**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KINGRALE COLLINS
ADC #000945                                                                                    PETITIONER

VS.                                      5:09CV00367 JLH/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                  RESPONDENT

## ORDER

On November 18, 2009, Petitioner, Kingrale Collins, who is confined in the Varner Unit of the Arkansas Department of Correction, filed a Petition to Correct Sentence Imposed in An Illegal Manner Pursuant to Arkansas Code Annotated § 16-90-111 (docket entry #1) and a Motion for Leave to Proceed in *forma pauperis*. (Docket entry #2). Petitioner erroneously filed both of these pleadings in the United States District Court for the Western District of Arkansas, where they were docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]

On November 18, 2009, United States Magistrate Judge Barry A. Bryant entered an Order granting Petitioner's Motion to Proceed in Forma Pauperis and transferring the case to the Eastern District of Arkansas. (Docket entry #5). Because Petitioner has been granted permission to proceed in forma pauperis, the Court will order service of the Petition.

Petitioner has also filed a Motion for Appointment of Counsel. (Docket entry #3). It is well

---

[1] Petitioner is a state prisoner serving a state sentence. Thus, his habeas action should have been filed under 28 U.S.C. § 2254, not § 2241.
  Similarly, because the Varner Unit is located in the Eastern District of Arkansas, Petitioner should have initiated this action by filing his habeas petition in the United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

settled that a habeas petitioner in a non-capital case does not have a constitutional or statutory right to counsel. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Instead, the Court may, in its discretion, appoint counsel if: (1) the habeas action is factually or legally complex; or (2) the petitioner is unable to investigate or articulate her claims without court-appointed counsel. *Morris*, 217 F.3d at 558; *McCall*, 114 F.3d at 756.

After careful consideration, the Court concludes that the factual and legal issues presented in this non-capital habeas case are not complex, and that Petitioner has demonstrated his ability to investigate and articulate his claims. Accordingly, the Motion for Appointment of Counsel will be denied.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to amend the docket sheet to reflect that Petitioner's Writ of Habeas Corpus is pursuant to 28 U.S.C. § 2254, not 28 U.S.C. § 2241.

2. The Clerk of the Court is directed to serve a copy of the habeas Petition (docket entry #1) and this Order on Respondent and the Arkansas Attorney General by mail.

3. Respondent shall file a responsive pleading within twenty-one (21) days of service.

4. Petitioner's Motion for Appointment of Counsel (docket entry #3) is DENIED.

5. In the future, Petitioner must file all pleadings and papers in this case, with the above case caption and case number, by mailing them to Clerk, United States District Court, Eastern District of Arkansas, 600 West Capitol Avenue, Room A149, Little Rock, Arkansas 72201.

Dated this 19th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE