## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KINGRALE COLLINS
ADC #000945                                                                      PETITIONER


VS.                                          5:09CV00367 JTR


LARRY NORRIS, Director,
Arkansas Department of Correction                                        RESPONDENT

### MEMORANDUM AND ORDER

### I.  Background

Pending before the Court[1] is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254.  (Docket entry #1).  Respondent has filed a Response.  (Docket entry #15).  Thus, the issues

are joined and ready for disposition.

Petitioner has been sentenced to death, for capital murder, and is currently incarcerated in

the Varner Super Max Unit of the Arkansas Department of Correction ("ADC").  *See Collins v.*

*State,* 338 Ark. 1, 991 S.W.2d 541 (1999).  All of the habeas claims he is asserting in this habeas

action arise from a major disciplinary conviction he received while incarcerated in the Varner Super

Max Unit.  (Document entry #15).  Before addressing the merits of the Petition, the Court will

review the relevant procedural history giving rise to the underlying disciplinary.

On September 10, 2009, Correctional Officer Phyllis E. Ratterree, a guard at the Varner

Super Max Unit, filed a major disciplinary report charging Petitioner with the following disciplinary

violations: (1) "12-1" failure to obey an order of staff; (2) "2-05" unauthorized use of the phone; and

---

[1]  The parties have consented to proceedings before a United States Magistrate Judge.
(Docket entry #17).

(3) "13-1" giving misinformation.  (Docket entry #15).  According to Officer Ratterree's report, on September 4, 2009, Petitioner attempted to add telephone numbers for the President of the United States, various attorney's offices, a car dealership and an apartment realty company to his approved phone number list.  *Id.*  Prior to this incident, Petitioner had already received several disciplinaries for trying to add sex chat lines and attorney numbers to unauthorized sections of his inmate telephone number list.  *Id.*

On September 11, 2009, Petitioner was provided a copy of the Major Disciplinary, and, on September 15, 2009, Hearing Officer Minnie L Drayer conducted a Disciplinary Hearing. (Document entry #15).  Ms. Drayer read into the record the Notice of Charges against Petitioner and he pleaded not guilty to all charges.  *Id.*   Ms. Drayer subsequently found Petitioner guilty of violating Disciplinary Code Provision 12-1: failure to obey order of staff.  (Document entry #15). Petitioner was found not guilty of violating Disciplinary Code provisions 2-05 and 13-1.  *Id.* Petitioner received sanctions in the form of 30 days' punitive isolation and a reduction to Class IV status, which adversely affected his accrual of *future* good time credit.  *Id.*  Despite being informed that he had 15 days to appeal to the Warden, Petitioner did not pursue an appeal.  *Id.*

On November 18, 2009, Petitioner filed this habeas action, in which he seeks to have the Court remove the September 15, 2009 disciplinary conviction from his institutional record.  (Docket entry #1).  Petitioner claims that the disciplinary proceeding violated his due process rights because: (1) there was insufficient evidence  to support a finding that he violated Disciplinary Code Provision 12-1; and (2) Correctional Officer Phyllis E. Ratterree was not present at the disciplinary hearing, which deprived Petitioner of his right to confront his accuser.  *Id.*

Respondent argues that: (1) Petitioner's claims are not cognizable in federal habeas and (2)

Petitioner's claims fail on the merits.  (Document entry #15).  For the reasons explained below, the Court concludes that Petitioner has failed to state a cognizable habeas claim.

## II.  Discussion

The United States Supreme Court has held that a disciplinary conviction which results in a prisoner losing *good time credits* implicates a liberty interest protected by the Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974).[2]  Because the loss of good time credits affects the duration of a prisoner's sentence, a § 2254 habeas action is a prisoner's exclusive remedy.  *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir.2002).  In contrast, a claim by a prisoner challenging a disciplinary action that does *not* affect the length of his confinement must be brought under 42 U.S.C. § 1983.  *See Muhammad v. Close*, 540 U.S. 749 (2004) (*per curiam*).

Petitioner's disciplinary conviction did *not* result in Petitioner losing good time credits. Rather, his reduction in class affects his future accrual of good time credit.  However, his death sentence makes that entirely "theoretical injury" a moot point.[3]  Thus, because Petitioner's reduction

---

[2]  The Court in *Wolff* also held that due process requires that an inmate, who is the subject of a disciplinary proceeding, must receive: (1) written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).  However, the Court also held that a prisoner does *not* have the right of confrontation and cross-examination of witnesses. *Wolff*, 418 U.S. at 556, 567-69.

Eleven years later, in *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the decision of the prison disciplinary hearing officer is only required to be supported by "some evidence in the record." Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Id.* at 457.

[3]Petitioner's capital murder conviction is now final.  Under Arkansas law, the only relief available to Petitioner is to request the governor to commute his death sentence to a sentence of life in prison, without the possibility of parole.  *See* Ark. Code Ann. § 5-4-607.  Under either possible scenario, good time credit can never come into play.

in custodial classification stemming from the disciplinary conviction cannot affect the length or duration of his confinement, the Court concludes that he has not stated a cognizable habeas claim pursuant to 28 U.S.C. § 2254.

Alternatively, even if Petitioner has stated a cognizable due process claim, it would still fail on the merits. There unquestionably was "some evidence in the record" to support the DHO's decision. Under *Hill*, federal courts are required to defer to the judgment of prison officials as long "as some evidence in the record" supports the disciplinary conviction and the due process requirements of *Wolff* are satisfied. This limited review does not require examination of the entire record, independent assessment of credibility of witnesses, or the weighing of evidence. *Id. at 455.* Prison officials can permissibly rely on violation reports and hearsay to find inmates guilty of disciplinary infractions. *See Hartsfield v. Nichols,* 511 F.3d 820, 831 (8th Cir.2008); *Moore v. Plasters,* 313 F.3d 442, 444 (8th Cir 2002). A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, still constitutes "some evidence" upon which to base a prison disciplinary decision. *See Hartsfield*, 511 F.3d at 831. The record in this case demonstrates that the disciplinary hearing satisfied the due process requirements of *Wolff* and that "some evidence in the record" supports the disciplinary conviction as required by *Hill.*

### III.  Conclusion

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #1) is DENIED, and this case is DISMISSED, WITH PREJUDICE.

Dated this 27th day of May, 2010.

_____

UNITED STATES MAGISTRATE JUDGE